## CRAFT v. MASSACHUSETTS PROTEC-TIVE ASS'N, Inc.
### No. 1170.

Court of Appeal of Louisiana. First Circuit.

June 30, 1933.

Montgomery & Montgomery, of New Orleans, and H. W. Hill, of Alexandria, for appellant.

S. I. Foster, of Leesville, for appellee.

ELLIOTT, Judge.

Thomas Arthur Craft brought suit against the Massachusetts Protective Association, Inc., the purpose of which is to recover of the association on its policy the sum of $12.50 per week for a period of 26 weeks, a total of $325, and also $325 in addition as a penalty, because of a disease of his eyes, which he alleges has permanently impaired his eyesight. The policy sued on is annexed to and made part of the petition.

The defendant excepted to the petition on the ground that it set forth no right or cause of action. This exception was overruled, upon which defendant answered denying liability. A trial on the merits resulted in a judgment in favor of the plaintiff for $325 and for $150 in addition as attorney's fees.

Defendant has appealed. Defendant contends on appeal that its said exception should have been sustained and urges that the ruling be reviewed.

As plaintiff's averment, that "he contracted a disease in his eyes, which has impaired his sight permanently, which condition was produced by the changing of light by electricity to gas in the office where he was employed," could have reference to an accidental injury, we have examined the evidence so as to be sure as to the sense and meaning of the term "disease" as used in his averment. The evidence shows that the word "disease" was properly used, and that the plaintiff suffers from disease and not as the result of an accidental injury.

As plaintiff avers that he suffers from a partially disabling disease, the question raised by the exception is decisive. The policy sued on commences with a statement, printed at the top, "This Policy is non-cancelable and provides indemnity for loss of life, limb, sight and time by accidental means or of time by disease as herein limited." This is followed

by the declaration that the Massachusetts Protective Association, Inc., does hereby insure, subject to the provisions and limitations contained herein, Thomas A. Craft, etc.

We do not discuss clause A, designated as "A—Total Disability," because plaintiff is not claiming thereunder.

He is claiming under the clause, designated as "B—Partially Disabling Accidents," which reads, "If such injuries shall partially disable the insured and prevent him from performing the majority of his regular business duties or if such partial disability follows total disability resulting from accident and requires the attendance of a licensed physician as above, the association will pay for the period of such disability, not exceeding 26 weeks, $12.50 per week as hereinafter limited." The liability provided for by this clause is by its terms restricted to "Partially Disabling Accidents." Plaintiff is not claiming to suffer as the result of a partially disabling accident. Consequently, he does not allege a cause of action under the policy.

Plaintiff argues that, taking the language of the policy as a whole, it intends to and should be construed as covering a disease which partially disables, citing authorities which he contends support his interpretation of the policy. The policy is the agreement of the parties. "Agreements legally entered into have the effect of laws on those, who have formed them. They cannot be revoked, unless by mutual consent of the parties or for causes acknowledged by law. They must be performed with good faith." The language of this policy is plain and unambiguous, and there is no occasion for resorting to methods used for ascertaining the intent and meaning, when such is the case.

The judgment appealed from is erroneous. The exception of no cause of action should have been sustained. For these reasons, the judgment appealed from is annulled, avoided, and set aside. The exception of no cause of action is sustained, and the suit of the plaintiff is dismissed at his cost on both courts.